FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| URBANO L., | No. 1:20-CV-03026-SAB |
| Plaintiff, | |
| v. | **ORDER RE: CROSS-MOTIONS** |
| COMMISSIONER OF SOCIAL | **FOR SUMMARY JUDGMENT** |
| SECURITY, | |
| Defendant. | |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 12, and Defendant's Motion for Summary Judgment, ECF No. 14. Plaintiff is represented by Kathryn Higgs. Defendant is represented by Ryan Lu and Timothy Durkin. The motions were considered without oral argument. Having considered the briefing and the applicable law, the Court denies Plaintiff's motion and grants Defendant's motion.

### Jurisdiction

On December 21, 2016, Plaintiff filed an application for Title II disability insurance benefits. Plaintiff alleged a disability onset date of December 25, 2015.

Plaintiff's application was denied initially on June 9, 2017 and on reconsideration on October 12, 2017. On October 19, 2017, Plaintiff filed a written request for a hearing. On September 26, 2018, Plaintiff appeared and testified at a

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 1**

hearing in Yakima, Washington, represented by an attorney, Mr. Jordan, and assisted by a Spanish interpreter. Kimberly Mullinax, a vocational expert, also provided testimony. The ALJ issued a decision on January 7, 2019, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, on February 22, 2019. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on February 26, 2020. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The steps are as follows:

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b). If he is not, the ALJ proceeds to step two.

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 2**

**Step Two**: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step Four, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

**Step Four**: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 3**

other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court. Accordingly, only the most relevant facts are summarized here. Plaintiff was 42 years old at the time of his alleged onset date and was 45 years old as of the date of the hearing. AR 37. He completed school through the eighth grade in Mexico, and is not able to communicate in English and

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 4**

is not considered literate in English. AR 33. Plaintiff lives with and is the primary caregiver for his five children, who range in age from 10 to 26 years old. AR 25. Plaintiff's adult children work and help Plaintiff with household duties. *Id.*

In his application and in his testimony at the ALJ hearing, Plaintiff alleged that he was injured on December 25, 2015, when he fell of a semi-truck trailer, shattering his right ankle and injuring his left big toe and both knees. AR 26. A month after his fall, Plaintiff was referred for surgical evaluation, and ultimately underwent an open reduction internal fixation surgery on his right heel. AR 26. After this accident, Plaintiff spent a year on crutches, a rolling scooter, or a walker, wore orthopedic footwear and a walking boot, and could not drive. AR 25. Plaintiff cannot sit, stand, or crouch for long periods of time, nor can be climb stairs or ladders or run. AR 25. He has difficulty putting on socks and bending to clean his feet. AR 25. He prepares simple meals daily, waters plants, washes dishes, and sweeps. AR 25. Although he alleges he has difficulty driving the semi-truck trailers he used to drive for a living, Plaintiff is able to drive an automatic car in order to run errands, go to church, and take his son to school. AR 25. As of the date of the hearing, Plaintiff was able to sit in a car for two hours at a time, though extended driving makes his foot swell. AR 25.

## The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. The ALJ concluded that Plaintiff's allegations were not consistent with the record and held that Plaintiff was not disabled. *Id.* at 22.

At **Step One**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 25, 2015, the alleged disability onset date, and met the insured status requirements of the Social Security Act through December 31, 2020. AR 23.

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 5**

At **Step Two**, the ALJ found that Plaintiff had the following severe impairments: right heel fracture and great left toe fracture status post open reduction internal fixation, healed, with residual pain, including knee pain. AR 24.

At **Step Three**, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals any Listing. AR 24. The ALJ found that the claimant did not meet or equal listing 1.02 because the record fails to establish that he has an inability to walk effectively. *Id.*

The ALJ concluded that Plaintiff had a residual function capacity to perform:

> light work as defined in 20 CFR 404.1567(B). He can stand and walk for 30 minutes at a time for up to four hours in an eight-hour workday with normal breaks. He can sit for two hours at a time for up to eight hours in an eight-hour workday with normal breaks. He can occasionally climb ladders and scaffolds and can frequently climb ramps and stairs, balance, and stoop. He can occasionally crouch and can never kneel or crawl. He can perform work in which concentrated exposure to extreme cold or vibration is not present.

AR 24.

At **Step Four**, the ALJ found that Plaintiff could not perform any past relevant work. AR 32.

At **Step Five**, the ALJ found that Plaintiff's limitations would preclude his past relevant work, but they would not prevent him from performing other work. AR 33. The ALJ further concluded that Plaintiff was not disabled and that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including a cashier, production assembler, and a deliverer. AR 33.

## Issues for Review

1. Did the ALJ err in finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not consistent with the entire record?

2. Did the ALJ err in according weight to Plaintiff's treating providers?

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 6**

3. Did the ALJ err in determining Plaintiff's residual capacity, resulting in harmful error at Step Five of the sequential evaluation?

### Discussion

1. <u>Did the ALJ Err in Finding Plaintiff's Statements Concerning the Intensity, Persistence, and Limiting Effects of His Symptoms Not Consistent with the Entire Record?</u>

The ALJ concluded that Plaintiff's symptoms were inconsistent with the record and therefore found him not credible and gave his statements little weight. Plaintiff argues that, had the ALJ found him credible and assigned his testimony about his symptoms more weight, the residual function capacity would have been stricter. Defendant argues that substantial evidence supported the ALJ's assessment of Plaintiff's subjective complaints about his symptoms. Defendant argues that Plaintiff's assertion of disabling symptoms was inconsistent with Plaintiff's daily activities and the medical record showing he had reached "maximum medical improvement."

The ALJ is responsible for making credibility determinations. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Once a claimant has produced evidence of an impairment, the ALJ may not discredit testimony regarding symptoms simply by asserting that they are unsupported by objective evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Rather, the ALJ must provide specific, cogent reasons to find that the claimant is not credible. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The Court will affirm the ALJ's reasoning so long as it is clear and convincing. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 7**

In recognition of the fact that an claimant's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304.

Daily activities may be grounds for an adverse credibility finding if (1) a claimant's activities contradicts their other testimony or (2) the claimant "is able to spend a substantial part of [their] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair*, 885 F.2d at 603. Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [a claimant's] level of activity were inconsistent with his claimed limitations would those activities have any bearing on his credibility." *Reddick*, 157 F.3d at 722.

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 8**

Plaintiff argues that the ALJ erred in finding his statements about his symptoms inconsistent with the record. He argues that his attempts to return to work after surgery should not be counted against him because his impairments are the reason he could not work again. ECF No. 12 at 7-8. He also argues that the ALJ failed to account for the complicated nature of the surgery on his foot and his doctors' conclusions that he would likely never recover to his condition prior to his fall. ECF No. 12 at 8-9. He also argues that he testified that he needs to lay down or elevate his foot up to four times a day to keep it from swelling and causing pain, and relies on a cane to walk. ECF No. 12 at 9.

Here, the ALJ concluded that Plaintiff did have several impairments, but discounted Plaintiff's statements about the limitations imposed by those impairments as not credible because they were inconsistent with the record as a whole. The ALJ considered Plaintiff's testimony about his inability to sit, stand, or crouch for extended periods of time and that he cannot climb stairs or ladders due to the pain in his feet and knees. AR at 25. The ALJ also considered Plaintiff's testimony that he could not lift, squat, bend, stand, walk, sit, kneel, climb stairs, or complete some tasks. *Id.* Plaintiff also testified that, although he is able to drive now to take his son to school, run errands, and attend church, he was unable to drive for a year after his fall. *Id.* The ALJ considered Plaintiff's testimony that he was the primary caretaker for his ten-year-old son, and was responsible for caring for him, taking him to school, and cooking and cleaning for him. *Id.* The ALJ also considered evidence that he occasionally travels with friends out of state, and once took a turn driving but had to stop because his foot swelled up. *Id.* The ALJ also considered that Plaintiff has a current commercial driver's license, and that he does not take prescription medication and has not attended physical therapy for his feet or knees since 2017. *Id.* The ALJ also considered Plaintiff's medical records, which showed continuing improvement with physical therapy and orthopedic tools like a CAM boot and rolling walker. AR 26-27. She considered evidence that

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 9**

Plaintiff was released to work and allowed to transition to normal footwear in spring 2016, and that he claimed he was walking without the CAM boot by June 2016 with minimal pain. ER 28. The ALJ considered a statement made by Plaintiff to one medical provider, Dr. Toomey, that he was on unemployment because the company he had previously worked for had been sold. *Id.* The ALJ also considered evidence that in April 2017, Plaintiff's main medical provider, Dr. Black, ordered an additional six weeks of physical therapy, but that Plaintiff did not participate in the sessions. ER 28.

Having considered the ALJ's opinion, the ALJ did not err in her credibility determination. Substantial evidence supported the ALJ's opinion. Although the record shows that Defendant did have some limitations caused by his foot and knee pain, the record also shows that his pain in both areas improved with treatment, were not as debilitating as he alleged, and that he had not seen a doctor for treatment since October 2017. *See*, *e.g.*, AR 260, 336-390, 429-507, 546-556. The ALJ pointed to evidence both in the medical record and in Plaintiff's activity level as inconsistent with his allegations that his pain was disabling and would not improve. These explanations constitute substantial evidence supporting the ALJ's conclusion to discount Plaintiff's testimony as contradicting the objective medical evidence. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Even taking Plaintiff's argument that the ALJ misinterpreted the evidence and ignored the difficulty he has in some of his daily activities, the ALJ can use this evidence to discredit a claimant's testimony to the extent they contradict his claims of a totally debilitating impairment. *Molina v.* Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Furthermore, Plaintiff's medical records indicate that he was released to work and did not require further treatment for his foot or knees. The ALJ could have reasonably concluded that this evidence was effective treatment such that it undermined Plaintiff's allegations about his symptoms. *Wellington v. Berryhill*, 878 F.3d 868, 876 (9th Cir. 2017) (evidence of successful medical

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 10**

treatment can undermine a claim of disability). Finally, Plaintiff's statement that he was unemployed because the company he worked for had been sold was inconsistent with his allegations that he was not working because of his disabling symptoms. *Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010) (such evidence can be considered as a factor that does not support allegations of a disabling symptom or limitation).

Accordingly, the ALJ did not err in giving limited weight to Plaintiff's testimony about the severity and persistence of his symptoms. Defendant's motion is granted as to this issue and Plaintiff's motion is denied.

2. <u>Did the ALJ Improperly Evaluate Opinion Evidence from Plaintiff's Treating and Examining Doctors?</u>

Plaintiff argues that the ALJ erred by according inadequate weight to the opinion evidence of Plaintiff's treating and examining medical providers. ECF No. 12 at 9-10. Plaintiff further argues that the ALJ only accorded significant weight to the state agency medical consultant, Dr. Debra Baylor, and gave the opinions of all other providers, including treating providers, only limited weight. *Id*. at 10. In particular, Plaintiff focuses on the medical opinions of Dave Bullock, PT, Dr. John-David Black, Dr. Eugene Toomey, Dr. James Kopp, and of the Board of Industrial Appeals Judge Daniel Johnson. *Id*. at 11-12. Defendant argues that the ALJ properly analyzed and assigned weight to the opinions of these providers, and disagreement with the ALJ's findings is not reason to reverse the ALJ. ECF No. 14 at 19.

"Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Medical opinions of treating physicians are accorded special weight because these physicians are in a unique position to know claimants as individuals, and because the continuity of their dealing with claimants enhances their ability to

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 11**

assess claimants' problems. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

In the absence of a contrary opinion, a treating physician's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is contradicted, it may be discounted only for "'specific and legitimate reasons' supported by substantial evidence in the record." *Id*. at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ may also disregard a medical opinion if it is brief, conclusory, and inadequately supported by clinical findings. *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (*per curiam*). The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Only licensed physicians and certain other qualified specialists are considered acceptable medical sources. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); 20 C.F.R. § 404.1513(a). For instance, nurse practitioners and physician assistants are not considered acceptable medical sources and are not afforded the same deference as acceptable medical sources. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). An ALJ may discount the opinion of an "other source"—like a nurse practitioner—if he provides "reasons germane to each witness for doing so." *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017). Under certain circumstances, the opinion of a treating provider who is not an acceptable medical source may be given greater weight than the opinion of a treating provider who is an acceptable medical source, but only if that provider has seen the claimant more often, has provided better supporting evidence and a better explanation for

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT \* 12**

1    the opinion, and the opinion is more consistent with the evidence as a whole.

2    *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017); 20 C.F.R. § 404.1527(f)(1).

3        The ALJ gave significant weight to the opinion of Dr. Baylor, a non-treating,

4    non-examining medical source who based her opinion on a review of the available

5    medical records. She concluded the Plaintiff could lift or carry 20 pounds

6    occasionally and ten pounds frequently, and can stand or walk for four hours and

7    sit for six hours in an eight-hour workday. AR 29. Dr. Baylor also opined that

8    Plaintiff could occasionally climb ramps and stars, and could frequently balance,

9    stoop, kneel, crouch, crawl, and climb ladders, ropes, and scaffolds. AR 30. The

10   ALJ found that Dr. Baylor's opinion was "internally consistent and well supported

11   by a reasonable explanation." AR 30. Plaintiff argues that the ALJ accorded too

12   much weight to Dr. Baylor's opinion. However, Dr. Baylor's opinion was

13   consistent with the record as a whole. Although Plaintiff might have wanted her

14   opinion weighted differently, Plaintiff has not shown any real error in the ALJ's

15   consideration of Dr. Baylor's opinion.

16       With respect to David Bullock, P.T., the ALJ gave limited weight to the

17   functional capacity evaluation he prepared. Mr. Bullock had concluded that

18   Plaintiff's tolerance level was in the light category, could only tolerate being on his

19   feet for about three to four hours in an eight-hour workday, could stand or walk for

20   only 30 minutes at a time, can walk for up to 15 minutes at a time for up to one

21   hour a day, and could not return to his prior jobs. The ALJ concluded that these

22   conclusions were supported with detailed notes and was largely consistent with the

23   record as a whole except for his conclusion about his capacity to walk. AR 30. She

24   noted that Plaintiff was approved to return to normal footwear less than a year after

25   his accident and surgery and was able to walk without the boot with minimal pain.

26   She also noted that Plaintiff did not exhibit pain behavior during his October 2017

27   medical examination and showed no deficits in his May 2018 examination. AR 30.

28   As Defendant points out, Mr. Bullock is a physical therapist and is not an

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 13**

"acceptable medical source.", and therefore his opinions may be discounted if germane reasons are given. *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015). The ALJ reasonably identified evidence contradicting Mr. Bullock's opinion that Plaintiff could stand and walk for only 15 minutes at a time; this is a germane reason for the ALJ to reject this aspect of Mr. Bullock's opinion.

With respect to Dr. Black, Dr. Toomey, Dr. Kopp, and the Board of Industrial Appeals judge, the ALJ gave limited weight to their opinions. As to Dr. Black, the ALJ found that, in May 2017, Dr. Black changed his opinion about Plaintiff's ability to work as a truck driver with no explanation. AR 31; *see Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (finding an ALJ may permissibly reject a provider's answers to a check-the-box questionnaire that does not contain any explanation for their conclusions). As to Dr. Toomey, the ALJ found that he made his conclusions without any function-by-function assessment of Plaintiff's ability to perform basic work activities and that his conclusions were inconsistent with the record reflecting more mild limitations. AR 31. The ALJ discounted Dr. Kopp's opinion for the same reason. AR 31. The Industrial Appeals Judge Daniel Johnson opined that Plaintiff was permanently totally disabled as of March 13, 2017, but the ALJ noted that this opinion was provided in the context of worker's compensation, not for Social Security. AR 31. An ALJ is not obligated to accept the opinion on the ultimate issue of disability reserved to the commissioner. 20 C.F.R. §§ 404.1504, 404.1527(d).

3. <u>Did the ALJ err in determining Plaintiff's residual capacity, resulting in harmful error at Step Five of the sequential evaluation?</u>

Plaintiff finally argues that the ALJ erred in determining Plaintiff's residual function capacity because she relied on the testimony of the vocational expert which was based on an incomplete and incorrect hypothetical. He argues that if the ALJ had properly considered the medical opinion evidence and Plaintiff's symptom testimony, the RFC assessment would have been different and supported

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 14**

a finding of disability. ECF No. 12 at 13. He also argues that the ALJ should have relied on the "grids" at 20 C.F.R pt. 404, subpt. P, app 2 to find him disabled at Step Five rather than relying on the vocational expert's testimony. ECF No. 12 at 15. Defendant argues that Plaintiff cannot find error on Step Five by reiterating arguments that the Court should reject. In addition, Defendant argues the ALJ cannot have relied on the grid when he did not actually and completely meet the criteria of any of the grids. ECF No. 14 at 20.

At Step Five, the Commissioner must show that the claimant is not disabled and that she can engage in some type of substantial gainful activity that exists in "significant numbers" in the national economy. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). The Step Five analysis includes a detailed assessment of the medical evidence, the claimant's daily activities, prior work record, any functional restrictions and limitations, treatment for relief of symptoms, and information and observations by treating and examining symptoms and third parties regarding the nature and extent of the claimant's symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929. The ALJ must make specific findings which support a conclusion that claimant's allegations of severity are not credible. *Dale*, 823 F.3d at 945; *Lingenfelter*, 504 F.3d at 1036. However, a claimant cannot establish error at Step Five by simply restating his argument that the ALJ erred in not accounting for his alleged limitations based on his symptom testimony or medical provider evidence. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

In making her determination, an ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite her limitations. *Gutierrez v. Colvin*, 844 F.3d 804, 806-07 (9th Cir. 2016). The ALJ's depiction of the claimant's impairments must be accurate, detailed, and supported by the medical record. *Tackett*, 180 F.3d at 1101; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (a hypothetical that fails to consider a claimant's limitations is defective). Alternatively, the ALJ may rely on

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 15**

the "grids", but only if the claimant's symptoms are "accurately and completely" describe the claimant's abilities and limitations. *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999).

Because the Court has already rejected Plaintiff's argument as to the ALJ's consideration of Plaintiff's symptom testimony and the medical providers' opinions, Plaintiff's arguments here also fail. The ALJ gave valid reasons for not crediting those statements, so those arguments are not grounds to find error at Step Five. Furthermore, Plaintiff concedes that his limitations do not fit any grid, so the ALJ would not have been able to rely on the grids to find him disabled. Plaintiff's motion is therefore denied and Defendant's motion is granted.

### Conclusion

Defendant is entitled to summary judgment in its favor because the ALJ gave valid reasons to discount Plaintiff's subjective complaints about his impairments and reasonably weighed the opinion evidence of medical providers. Because the ALJ properly weighed Plaintiff's testimony and the medical provider opinion evidence, the RFC was properly formed and the ALJ did not err at Step Five of the sequential evaluation process. The ALJ also did not err in not relying on the grids to find Plaintiff disabled. Plaintiff is not entitled to summary judgment for these same reasons.

//
//
//
//
//
//
//
//
//

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT * 16**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED.**

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, enter judgment in Defendant's favor, provide copies to counsel, and **close** the file.

**DATED** this 10th day of November 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** * 17